Dear Chief Guillory:
This office is in receipt of your request for an opinion of the Attorney General in regard to employment of an individual as a peace officer who did not pass the post certification training after two tries. You ask the following:
 1. Can this full-time employee become a part-time employee;
 2. If she can become a part-time employee, can she still be a part-time patrol officer on the road and part- time dispatcher;
3. Can this employee be fired and rehired as part time;
 4. How many hours can she work as a patrol officer and/or dispatcher; and
 5. How many times can an a officer go to the police academy before passing?
Pertinent to your questions are the provisions of R.S. 40:2405
which provide as follows:
 A. (1) Notwithstanding any other provisions of law to the contrary, any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986 must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Any person who fails to comply with this requirement shall be prohibited from exercising the authority of a peace officer, however, such persons shall not be prohibited from performing administrative duties.
 (2) * * * All other such persons who begin employment subsequent to July 1, 1998 shall satisfactorily complete a basic firearms training program prescribed by the council within one calendar year from the date of the initial employment. Any person who does not comply with the provisions of this Paragraph shall be prohibited from exercising the authority of a peace officer, reserve peace officer, or part-time peace officer; however, such persons shall not be prohibited from performing administrative duties.
 (3) Notwithstanding any provisions of law to the contrary, no reserve or part-time peace officer shall be permitted to carry a concealed weapon unless he is in the actual discharge of his official duties as a reserve or part-time peace officer or he possesses a concealed handgun permit properly issued in his name pursuant to the provisions of R.S. 40:1379.3, or he has been certified by the Council on Peace Officer Standards and Training under the same standards as full-time officers.
 B. Additionally, the receipt of supplemental pay from the municipal police officers fund, * * *, shall be contingent upon the recipient's beginning employment as a peace officer after January 1, 1986, successfully completing a council-approved training program, and passing the council-approved examination within one calendar year from date of initial employment.
 C. Peace officers employed as such prior to January 1, 1986, may continue their employment and their receipt of supplemental pay without compliance with the provisions of this Section.
* * *.
It appears that the above quoted statutory provisions prohibit a peace officer who fails to complete satisfactorily the firearms training program within one year from the initial date of employment from exercising the authority of a peace officer unless employed prior to January 1, 1986, but such person hired after January 1, 1986 would not be prohibited from performing administrative duties.
Therefore, she could not become a part-time patrol officer but could be a part-time or full time dispatcher or perform any other administrative duties.
As to whether she could be "fired and rehired" as a peace officer, it would appear this would render the statute meaningless wherein it requires a peace officer to successfully complete a certified training program within one year "from the date of initial employment."
While a person who does not satisfactorily complete the training program within one year of initial employment cannot work as a patrol officer with the police department even on a part-time basis, she can work full-time performing administrative duties. In Mayo v. MunicipalPolice Board of Review, 745 So.2d 188 (La.App. 1999) the court stated, "Additionally, the performers of purely clerical or non-enforcement duties are specifically excepted-out of the entitlement to supplemental pay by Section D(1)."
There does not appear to be a limit on the number of times an officer can go to the police academy before passing the certifiction except insofar as it must be successfully completed within one year of the initial employment, and therefore, the officer is limited to the number of available testing dates that occur within one year that can be attended.
We hope this sufficiently answers your inquiry.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr